Stephen Sakonchick, II
State Bar No. 17525500
Stephen Sakonchick II, P.C.
6836 Bee Caves Road, Suite 225
Austin, Texas  78746
(512) 329-0375
(512) 329-0376 (fax)
sakon@flash.net

Attorney for U.S. Bank, National Association

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FRE Real Estate, Inc. | § | Case No. 11-30210-bjh |
| | § | Chapter 11 |
| Debtor | § | |

_____

**NOTICE OF PROHIBITION OF USE OF CASH COLLATERAL**
_____

TO: FRE Real Estate, Inc. c/o John P. Lewis Jr., 1412 Main Street, Suite 210, Dallas, Texas 75202.

PLEASE TAKE NOTICE that U.S. Bank, National Association ("USB"), a creditor of Debtor, is the successor beneficiary under a Deed of Trust and Security Agreement("Deed of Trust") executed by Transcontinental Westgrove Inc. ("Transcontinental"), as Grantor, for the benefit of Dynex Commercial Inc. ("Dynex"), dated February 18, 1998, filed of record in Volume 98034, Page 01854 et seq, in the Dallas County, Texas Real Property Records, granting the bank liens on or related to real property and improvements described in the Deed of Trust ("Property").  All rights under the Deed of Trust and the debt it secures were assigned to USB.

Transcontinental has transferred title to the Property to FRE Real Estate Inc.  USB is the successor beneficiary to Dynex under

the Deed of Trust and related loan documente between Transcontinental and Dynex.

As a result, USB is the successor beneficiary under an assignment of rents contained in the Deed of Trust and a separate Assignment of Leases and Rents, also dated February 18, 1998, filed of record at Volume 98034, Page 01933, et seq. in the Dallas County, Texas Real Property Records ("Assignment of Rents"). Under the Assignment of Rents, USB has been absolutely assigned all rents or revenues of any kind generated by the Property ("Rents"). In the alternative, and pursuant to 11 U.S.C. §§362(b)(3) and 546(b) USB hereby further perfects its right to the Rents. Accordingly, all Rents constitute cash collateral under 11 U.S.C. §363(a).

PLEASE TAKE FURTHER NOTICE that cash collateral may not be used except as provided in 11 U.S.C. §363(c)(2), which provides, among other things, that cash collateral may not be used unless each entity that has an interest in such cash collateral consents or the court authorizes such use. In addition, cash collateral must be segregated and separately accounted for pursuant to 11 U.S.C. §363(c)(4). USB does not consent to the use of any property constituting its cash collateral, and hereby demands that such funds be segregated and separately accounts for as required by law.

Respectfully submitted,

/s/ Stephen Sakonchick, II
Stephen Sakonchick, II
State Bar No. 17525500
Stephen Sakonchick II, P.C.
6836 Bee Caves Road, Suite 225
Austin, Texas  78746
(512) 329-0375
(512) 329-0376 (fax)
sakon@flash.net

Attorney for U.S. Bank, National Association

CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2011, a true and correct copy of the above and foregoing *Notice of Prohibition of Use of Cash Collateral* was sent to all parties receiving electronic notice via the Court's ECF System.

/s/ Stephen Sakonchick, II
Stephen Sakonchick, II