**David Weitman, Esq.**
**Texas State Bar No. 21116200**
**Daniel I. Morenoff, Esq.**
**Texas State Bar No. 24032760**
**K&L GATES LLP**
**1717 Main Street, Suite 2800**
**Dallas, Texas  75201**
**Telephone (214) 939-5500**
**Telecopy:  (214) 939-6100**

**ATTORNEYS FOR WELLS FARGO CAPITAL FINANCE, INC.**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 11-30210-BJH-11 |
| | § | |
| **FRE REAL ESTATE, INC.,** | § | |
| f/k/a TCI PARK WEST II, INC., | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |

### WELLS FARGO CAPITAL FINANCE, INC.'S
### MOTION FOR EXPEDITED DISCOVERY[1]

Wells Fargo Capital Finance, Inc. ("Wells Fargo") asks the Court through this Motion for Expedited Discovery (the "Motion for Expedited Discovery") to order expedited discovery of the Debtor and one of its affiliates, TCI Texas Properties, LLC ("TCI"), in advance of the expedited hearing on Wells Fargo's Motion to Dismiss FRE Real Estate, Inc.'s Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b) Due to Its Bad Faith Filing or, in the Alternative, to Convert the Case to a Chapter 7 Case, (the "Motion to Dismiss"),[2] which is set for January 27, 2011, at 1:15 p.m.

---

[1]  Contemporaneously with the filing of this Motion for Expedited Discovery, Wells Fargo is filing a Motion for Expedited Consideration of this Motion.

[2]  Wells Fargo filed its Motion to Dismiss Due to Its Bad-Faith Filing at Docket No. 23 and its Motion to Convert the Case to a Chapter 7 Case at Docket No. 28.

**WELLS FARGO CAPITAL FINANCE, INC.'S**
**MOTION FOR EXPEDITED DISCOVERY – Page 1**
DA-3158775 v4 1279056-00115

before this Court.  In support of this Motion for Expedited Discovery, Wells Fargo states the following:

## I.     PRELIMINARY STATEMENT

1.     Wells Fargo seeks expedited discovery pursuant to Rules 9014 and 7030 in the form of depositions and productions of documents pursuant to subpoenas duces tecum served upon the Debtor and TCI—particularly relating to the issues raised in Wells Fargo's Motion to Dismiss, which has been set by this Court for hearing on January 27, 2011, at 1:15 p.m.  As this Court has already recognized by granting Wells Fargo's Motion to Expedite [Docket No. 24] the hearing on its Motion to Dismiss, the matters raised in the Motion to Dismiss require the Court's immediate attention to avoid unnecessary costs and expenses to the parties in interest, including Wells Fargo, and in the interests of judicial economy.

2.     In light of the expedited hearing, Wells Fargo has requested depositions of the Debtor and its affiliate TCI (Wells Fargo's borrower and the transferor of Wells Fargo's collateral assets to the Debtor) and the productions of limited documents necessary to fully present the issues raised in Wells Fargo's Motion to Dismiss.

3.     The Debtor has refused (and TCI has effectively refused) Wells Fargo's request for such discovery in advance of the January 27, 2011 hearing.  Accordingly, Wells Fargo files this Motion for Expedited Discovery to prevent the Debtor from forestalling the hearing on Wells Fargo's Motion to Dismiss or from hindering Wells Fargo from presenting the full relevant facts to the Court at that time.

## II.    RELEVANT BACKGROUND

4.     On January 4, 2011 (the "Petition Date"), the Debtor filed its Voluntary Petition in Bankruptcy under Chapter 11 of the Bankruptcy Code.  In response to Debtor's filing of this

bankruptcy proceeding, Wells Fargo filed its Motion to Dismiss on the basis that the Debtor's bankruptcy petition was filed in bad faith due to the fact that during the two (2) weeks immediately preceding the Petition Date, affiliates of the Debtor, including TCI who was at that time indebted to Wells Fargo in the approximate amount of $8.2 million, wrongfully transferred collateral assets to the Debtor, in violation of the affiliates' various loan documents with their respective lenders. The Debtor filed its bankruptcy petition immediately following these transfers on the eve of certain properties constituting the collateral assets being posted for foreclosure for the first Tuesday of January 2011.

5. On January 10, 2011, Wells Fargo filed its Motion to Dismiss seeking the dismissal of the Debtor's case as a bad-faith filing or, alternatively, the conversion of the Debtor's case to a Chapter 7 bankruptcy proceeding.

6. Also on January 10, 2011, Wells Fargo filed its Motion for Expedited Consideration of its Motion to Dismiss [Docket No. 24].

7. On January 12, 2011, the Court granted Wells Fargo's Motion for Expedited Consideration and set the hearing on Wells Fargo's Motion to Dismiss for January 27, 2011, at 1:15 p.m. Per the Court's instructions, Wells Fargo filed a Notice of Hearing that was served on all counsel of record on January 12, 2011 [Docket No. 29].

8. Since the Petition Date, counsel for Wells Fargo has been in communications with the existing counsel for the Debtor, John Lewis, concerning the need for Wells Fargo to obtain documents related to TCI's transfers of Wells Fargo's collateral assets to the Debtor—and documents relating to all of the affiliates' transfers to the Debtor in the past several days. Accordingly, such counsel for the Debtor has been aware of the need for such documents to be produced at an early stage in these proceedings.

9. On January 12, 2011, following the Court's setting of the Motion to Dismiss for hearing, Wells Fargo requested the deposition(s) of the Debtor's corporate representative(s) in accordance with Rules 9014 and 7030 on an expedited basis, given the timing of the hearing on its Motion to Dismiss. Wells Fargo also requested the limited production of documents relating to the issues raised in its Motion to Dismiss. A true and correct copy of the notice of deposition and request for documents served on John Lewis, counsel for the Debtor, is attached hereto at <u>Exhibit "A"</u> and is incorporated herein by reference. As more fully discussed below, the Debtor, by and through its substitute counsel, Douglas Buncher of the Neligan Foley LLP firm, has refused Wells Fargo's requests for expedited discovery and indicated its intent to seek a continuance of the hearing on Wells Fargo's Motion to Dismiss.

10. On January 12, 2011, Wells Fargo sent to TCI, through its counsel, Jay LaJone, a request for the deposition(s) of the corporate representative(s) of TCI relating to the issues raised in Wells Fargo's Motion to Dismiss. Wells Fargo also requested the limited production of documents relating to the issues raised in its Motion to Dismiss. On January 13, 2011, Wells Fargo served TCI, through its registered agent for service of process, with a subpoena pursuant to Rules 9016, 9014, and 7030, seeking the deposition(s) of the corporate representative(s) of TCI relating to the issues raised in Wells Fargo's Motion to Dismiss and requesting the documents described in the notice sent to TCI's counsel on January 12, 2011. A true and correct copy of the subpoena, notice of deposition, and request for production of documents sent to counsel for the Debtor and counsel to TCI (though not counsel of record to TCI in these proceedings) is attached hereto at <u>Exhibit "B"</u> and is incorporated herein by reference. Despite numerous attempts to contact TCI's counsel who is presumably in close communications with the Debtor's counsel, TCI has ignored Wells Fargo's requests to agree to the expedited discovery.

11. Counsel for Wells Fargo now understands that Mr. Lewis intends to step down as counsel for the Debtor and for Douglas J. Buncher and his law firm, the Neligan Foley LLP firm, to be substituted as counsel of record. In light of certain disclosures made by Mr. Buncher today, January 13, 2011, Wells Fargo believes that it would not require the full extent of the documents requested in the subpoenas duces tecum served on the Debtor and TCI. In discussions with Mr. Buncher today, Wells Fargo's counsel offered to limit those requests accordingly, but counsel for the Debtor refused to accept this offer unless Wells Fargo would agree to postpone the hearing on its Motion to Dismiss. As explained in detail below, postponement of the hearing, however, would be prejudicial to Wells Fargo, and Wells Fargo declined the Debtor's request.

12. Since the filing of Wells Fargo's Motion to Dismiss, additional secured creditors whose collateral assets were transferred by the Debtor's affiliates to the Debtor in violation of their respective loan documents, immediately prior to the Debtor's bankruptcy, have come forward noting the same concerns expressed by Wells Fargo in its Motion to Dismiss. In fact, at least one such secured creditor has already joined in Wells Fargo's Motion to Dismiss [Docket No. 37].

### III.   ARGUMENT IN SUPPORT OF EXPEDITED DISCOVERY

13. Based on the issues raised in Wells Fargo's Motion to Dismiss and Motion for Expedited Consideration of same, this Court agreed to set the Motion to Dismiss for expedited hearing on January 27, 2011. The urgency of the relief sought by Wells Fargo is apparent from the circumstances surrounding the Debtor's filing. The Debtor's filing of this bankruptcy case less than two (2) weeks after receiving wrongful transfers from its affiliates, including TCI, of the various collateral assets owned by those affiliates and on the eve of foreclosures is a bad-faith filing warranting dismissal of this case. The Debtor's bankruptcy is an apparent attempt to

circumvent foreclosures on various properties that have either already commenced or would have been commenced but for the wrongful transfers and subsequent bankruptcy filed by the Debtor.

14.   The Debtor's bankruptcy is, therefore, nothing more than a sham designed to create the illusion of equity and income from certain properties to offset the defaults and liabilities owed on certain other properties.  The result of the Debtor's sham bankruptcy is that the lenders to the Debtor's affiliates whose collateral assets were transferred by such affiliates to the Debtor are preempted from exercising their rights with respect to their collateral against the entity(ies) with whom they entered into the various lending agreements.  The lenders, including Wells Fargo, are also foreclosed from asserting claims to their collateral properties in proceedings untainted by the multiplicity of properties and parties now involved in this bankruptcy.

15.   The Debtor should not be allowed to abuse the bankruptcy process in this fashion—thus Wells Fargo's Motion to Dismiss, which the Court agreed to hear on an expedited basis on January 27, 2011, so that the various lenders, including Wells Fargo, would not be forced to incur unnecessary costs and expenses associated with the Debtor's wrongful bankruptcy filing. Wells Fargo requires limited expedited discovery in advance of the hearing on its Motion to Dismiss, less than two weeks from the date of this filing, to elicit the relevant factual information necessary to present its arguments (and respond to those of the Debtor) at the hearing.

16.   The discovery requested of the Debtor and of TCI is not burdensome and requiring the depositions and production of the limited documents requested by Wells Fargo will result in no prejudice or undue burden to the Debtor or TCI.  Instead, the requested expedited discovery will allow for the efficient administration of justice in this case, inasmuch as it will

allow the Court to make a fully informed determination of the propriety of the Debtor's bankruptcy before the parties in interest or this Court is required to invest substantial time and resources.

17. Wells Fargo and the other similarly situated lenders were kept in the dark about the wrongful transfers and the Debtor's plan to file bankruptcy on the eve of foreclosures on certain of the collateral assets (and, indeed during some pending foreclosures) and to date have received no information regarding same, save and except for notice that the Debtor is treating all such assets as property of the Debtor's estate. Therefore, Wells Fargo, and others similarly situated, will be prejudiced if the Debtor and TCI are excused from complying with Wells Fargo's requests prior to the January 27, 2011 hearing because Wells Fargo and the other lenders to the Debtor's affiliates would have no documentation necessary to fully develop the extent of the Debtor's abuses.

18. Moreover, Wells Fargo, and others similarly situated, would be further prejudiced by delay of the hearing on Wells Fargo's Motion to Dismiss. As noted, Wells Fargo anticipates that the Debtor will be filing numerous motions requiring analysis and response (and potentially hearings) in the coming days, and, in fact, the Debtor's counsel confirmed his intent to file a multitude of motions and pleadings in the coming weeks as a basis for his refusal to comply with Wells Fargo's request for expedited discovery.

## IV. CONCLUSION AND PRAYER

19. In light of the foregoing, the Debtor and its affiliates, including TCI, should not be allowed to benefit from the Debtor's bad-faith bankruptcy filing or delay the efficient administration of justice in this case by refusing Wells Fargo's targeted requests for discovery or seeking to delay the hearing on Wells Fargo's Motion to Dismiss.

**WHEREFORE**, Wells Fargo respectfully requests that the Court enter an order compelling the Debtor's and TCI's compliance with the discovery requests attached hereto as Exhibits "A" and "B," respectively on an expedited basis in advance of the January 27, 2011 hearing on Wells Fargo's Motion to Dismiss and grant such other relief to Wells Fargo as the Court may deem just and proper.

Dated: January 13, 2011.

Respectfully submitted,

**K&L GATES LLP**

By:  */s/ David Weitman*
David Weitman, Esq.
State Bar No. 21116200
Daniel I. Morenoff
State Bar No. 24032760
Christopher A. Brown
State Bar No. 24040583

1717 Main Street, Suite 2800
Dallas, Texas  75201
(214) 939-5500
Facsimile:  (214) 939-6100

**ATTORNEYS FOR WELLS FARGO
CAPITAL FINANCE, INC.**

**CERTIFICATE OF SERVICE**

I certify that all parties consenting to such service have been served with copies of this Motion for Expedited Discovery through the Court's ECF system, including the Debtor, through counsel.

*/s/ David Weitman*
David Weitman

## CERTIFICATE OF CONFERENCE

I certify that prior to the filing of this Motion for Expedited Discovery, I spoke to the Debtor's counsel, Doug Buncher, who opposes the relief sought herein.

                                          */s/ David Weitman*
                                          David Weitman