Mary L. O'Connor (SBN 15186900)
David F. Staber (SBN 18986950)
J. Machir Stull (SBN 24070697)
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: 214.969.2800
Facsimile: 214.969.4343

ATTORNEYS FOR SIDNEY WICKS
REVOCABLE TRUST

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § § | |
| **FRE REAL ESTATE, INC.,** | § § § | **Case No. 11-30210-BJH-11** |
| **Debtor.** | § § § § | |

**JOINDER OF SIDNEY WICKS REVOCABLE TRUST TO (I) WELLS FARGO
CAPITAL FINANCE, INC.'S MOTION TO DISMISS FRE REAL ESTATE INC.'S
CHAPTER 11 PETITION PURSUANT TO 11 U.S.C. § 1112(b) DUE TO BAD FAITH
FILING OR, IN THE ALTERNATIVE, TO CONVERT THE CASE TO A CHAPTER 7
CASE, AND (II) ARMED FORCES BANK N.A.'S MOTION TO DISMISS DEBTOR'S
CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)**
[Docket Nos. 23 & 61]

**TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES BANKRUPTCY JUDGE**

COMES NOW Sidney Wicks ("Wicks"), as trustee for the Sidney Wicks Revocable Trust

(the "Trust"), and files this Joinder (the "Joinder") to (i) Wells Fargo Capital Finance, Inc.'s

Motion to Dismiss FRE Real Estate Inc.'s (the "Debtor") Chapter 11 Petition Pursuant to 11

U.S.C. § 1112(b) Due to Bad Faith Filing or, in the Alternative, to Convert the Case to a Chapter

7 Case (Docket No. 23), and (ii) Armed Forces Bank N.A.'s Motion to Dismiss Debtor's Chapter

11 Case Pursuant to 11 U.S.C. § 1112(b) (Docket No. 61) (collectively, the "Motions"). Wicks

joins in and incorporates by reference the arguments and positions contained in the Motions as if fully set forth herein. In addition, Wicks would hereby show this Court as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Joinder pursuant to 28 U.S.C. section 1334. Consideration of the Joinder is a core proceeding pursuant to 28 U.S.C. section 157(b)(2).

2. Venue in this district is proper pursuant to 28 U.S.C. sections 1408 and 1409.

## II. BACKGROUND

3. On September 3, 2004, Wicks entered into that certain Triple Net Lease dated as of September 3, 2004 (the "Lease") with Transcontinental Realty Investors, Inc., a publicly-held corporation ("Transcontinental"). *See* Lease attached hereto as **Exhibit A**.

4. Pursuant to the Lease, Wicks leased commercial properties to Transcontinental in Addison, Texas, including hangars at Addison Airport. Specifically, the Lease provides that Transcontinental "shall pay all costs and expenses relating to the use, operation, maintenance and repair of the Premises and the business of Tenant carried on therein (including, without limitation, taxes and insurance, utility and maintenance costs) unless otherwise expressly provided in this Lease." *See* Lease § 1.2. The expiration date of the Lease is September 2, 2014.

5. On May 17, 2006, Wicks created the Trust. Wicks is both the sole trustee and settlor for the Trust.

6. Beginning in September 2009, Transcontinental systematically failed to make timely payment of the required monthly rental installment, causing Wicks to send multiple demand letters and ultimately to file suit against Transcontinental in Dallas County on December 2, 2010. *See* Plaintiff's Original Petition and Request for Disclosure attached hereto as **Exhibit B**.

200388057 v1

7. Transcontinental filed its original answer in the Dallas County lawsuit on December 20, 2010.

8. On January 4, 2011, the Debtor apparently filed a voluntary bankruptcy petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court").

9. On or around January 11, 2011, Wicks began receiving notices of proceedings in the Debtor's bankruptcy.

10. Upon inquiry to the Debtor's counsel, Wicks was provided with copies of certain resolutions and assignments that purport to document an assignment of Transcontinental's interest in the Lease to Fenton Real Estate, Inc. as of December 23, 2010.

11. Wicks had no prior notice of the purported assignment and his consent was not obtained in accordance with the Lease. To date, Transcontinental has not notified Wicks of the purported assignment, even in its initial disclosures served in the Dallas County lawsuit on January 24, 2011.

12. On January 18, 2011, the Debtor filed the List of Creditors Holding 20 Largest Unsecured Claims (Docket No. 60) (the "List"). Pursuant to the List, the Trust has an unsecured claim of $153,701.72 against the Debtor. Upon information and belief, this amount stems from Transcontinental's unpaid monthly payments as required by the Lease.

### III. JOINDER

13. Based on the facts available, Wicks agrees with the relief sought in the Motions and, accordingly, files this Joinder in support of the Motions.

14. Specifically, Wicks asserts that the Debtor's bankruptcy filing was made in bad faith under the Fifth Circuit's standards set forth in *Little Creek*. *See In re Little Creek Dev. Co.*, 779 F.2d 1068 (5th Cir. 1986). In *Little Creek*, the Fifth Circuit adopted a set of non-exclusive

factors it found determinative of a bad-faith bankruptcy filing. *Id.* at 1072-73. These factors include whether (i) the debtor has one asset, such as a tract of undeveloped property, (ii) there are any employees, except for the principals, (iii) there is any cash flow or other sources of income to sustain a plan or make adequate protection payments, (iv) there are few, if any, unsecured creditors whose claims are relatively small, (v) the property in question has been posted for foreclosure because of debt arrearages, (vi) the debtor and one creditor may have proceeded to a stand-still in state court, (vii) the bankruptcy offers the only hope of forestalling the debtor's loss of the property, (viii) there are allegations of wrongdoing by the debtor, and (ix) an entity has been created or "revitalized" on the eve of foreclosure to hold the debtor's asset or assets. *Id.*

15.     The facts surrounding the Debtor's bankruptcy filing shows that many of these factors are present, and that the bankruptcy was filed in bad faith. Specifically, upon information and belief, the Debtor has few to no employees other than its principals. It further appears that much of the property held by the Debtor has no cash flow, and would therefore not be susceptible to reorganization if it was not "rolled up" with separate income-producing property in an effective substantive consolidation. The Debtor has also failed to make monthly payments as required by the Lease since September 2009. And finally, the actions of the principals of the Debtor and Transcontinental to transfer the Lease on the eve of bankruptcy were not only in violation of the terms of the Lease, but were also fraudulent and constitute gross mismanagement.

16.     Further, by creating a pool of assets previously held by other entities, the Debtor is strategically seeking to (i) frustrate the creditors of the Debtor and its affiliates, (ii) artificially and improperly gerrymander classes of creditors (presumably, in contemplation of a plan of

reorganization), (iii) conceal, with impunity, numerous fraudulent conveyances and breaches of fiduciary duty by the Debtor and its affiliates, and (iv) wrongfully manipulate the bankruptcy system.

17.    These factors, along with those stated in the Motions to which Wicks joins, strongly indicate that the Debtor's bankruptcy was filed in bad faith, and that its case should be dismissed, or in the alternative, converted.

18.    Additionally, Wicks specifically agrees to the hearing and ruling timeline set forth by this Court for a determination on the merits of the Motions, and hereby waives all right to have its Joinder heard at any time, other than that previously set by the Court for the Motions.

## IV.    CONCLUSION

WHEREFORE, Wicks respectfully requests that this Court (i) dismiss this bankruptcy case, or (ii) in the alternative, convert this bankruptcy case to one under chapter 7 of the Bankruptcy Code, and (iii) grant Wicks such other relief as is just.

Dated: February 1, 2011

Respectfully submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: */s/ David F. Staber*
Mary L. O'Connor (SBN 15186900)
David F. Staber (SBN 18986950)
J. Machir Stull (SBN 24070697)
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: 214.969.2800
Facsimile: 214.969.4343

**ATTORNEYS FOR SIDNEY WICKS REVOCABLE TRUST**

200388057 v1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Joinder to Motion to Dismiss was served via regular first class mail, postage prepaid to the Debtor, Debtor's counsel, and U.S. Trustee on this the 1st day of February, 2011.

*/s/ J. Machir Stull*
J. Machir Stull


FRE Real Estate, Inc.
1750 Valley View Lane, Suite 400
Dallas, TX 75234
**Debtor**

John P. Lewis, Jr.
Law Office of John P. Lewis, Jr.
1412 Main Street, Suite 210
Dallas, TX 75202
**Debtor's counsel**

Patrick J. Neligan, Jr.
Neligan Foley LLP
325 N. St. Paul Street, Suite 3600
Dallas, TX 75201
**Debtor's counsel**

Office of the U.S. Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-1496
**U.S. Trustee**