# EXHIBIT O

# PURCHASE AGREEMENT

This Purchase Agreement (the "Agreement") is made and entered into effective this 23rd day of December, 2010 (the "Effective Date"), by and between **IORI CENTURA, INC**, a Nevada corporation ("Seller") and **FENTON REAL ESTATE, INC.**, a Nevada corporation ("Purchaser").

## RECITALS

A.  Seller owns approximately 10.08 acres of land located in Dallas County, Texas, commonly known as Centura Land (the "Property").

B.  Seller desires to sell the Property and Purchaser wishes to purchase the Property under the terms and conditions set forth below.

## ARTICLE 1
## TERMS OF SALE

1.1  Purchase and Sale of Property. Subject to the terms and conditions specified in this Agreement, Seller shall sell to Purchaser and Purchaser shall purchase from Seller, at the Closing, the Property.

1.2  Purchase Price. The total purchase price to be paid by Purchaser to Seller for the sale of the Property shall be Thirteen Million and No/100 Dollars ($13,000,000.00) (the "Purchase Price").

1.3  Payment of the Purchase Price. Purchaser shall pay the Purchase Price by assuming the mortgage debt and property tax obligations encumbering the Property with an approximate balance of $7,206,655.33 ("Mortgage Debt") and Seller's trade debt for the Property ("Trade Debt" and the Mortgage Debt and the Trade Debt are collectively referred to as the "Property Obligations"). The balance shall be paid by a note ("Note") for $5,793,344.67 bearing six percent (6%) interest per annum with all interest and principal due five years from the Effective Date. The Note shall be adjusted to be an amount equal to the difference between the Purchase Price and the Property Obligations as of the Effective Date.

1.4  Brokerage Commission. Purchaser shall indemnify and hold harmless Seller from and against all liabilities, costs, damages, and expenses (including reasonable attorneys' fees), arising from any claims for brokerage commissions or other similar fees in connection with the transactions covered by this Agreement insofar as such claims shall be based upon alleged arrangements or agreements made by Purchaser or on Purchaser's behalf. Seller shall indemnify and hold harmless Purchaser from and against all liabilities, costs, damages and expenses (including reasonable attorneys' fees), arising from any claims for brokerage commissions, or other similar fees in connection with the transactions covered by this Agreement insofar as such claims shall be based upon alleged arrangements or agreements made by Seller or on Seller's behalf. Such indemnities shall survive the Closing or any termination of the Agreement and not be merged therein.

1.5   Cost of Transaction.   Whether or not the transactions contemplated hereby shall be consummated, the parties agree as follows:

    a.   Seller will pay the fees, expenses, and disbursements of Seller and its agents, representatives, accountants, and counsel incurred in connection with the subject matter hereof and any amendments hereto; and

    b.   Purchaser shall pay the fees, expenses and disbursements of Purchaser and its agents, representative, accounts, and counsel incurred in connection with the subject matter hereof and any amendments hereto.

## ARTICLE 2
## REPRESENTATIONS AND WARRANTIES OF PURCHASER

As a material inducement to Seller to enter into this Agreement and perform its obligations hereunder, Purchaser represents and warrants to Seller as follows as of the date hereof and as of the Closing:

2.1   Authority.   Purchaser has full power and authority to enter into this Agreement and to perform its obligations under this Agreement. This Agreement constitutes a legal, valid, and binding obligation of Purchaser and is enforceable against Purchaser in accordance with its terms.

2.2   Indemnity.   Purchaser will indemnify Seller and assume responsibility for any sums due under the Property Obligations.

## ARTICLE 3
## REPRESENTATIONS AND WARRANTIES OF SELLER

As a material inducement to Purchaser to enter into this Agreement and perform its obligation hereunder, Seller represents and warrants to Purchaser as follows as of the date hereof and as of the Closing Date:

3.1   Authority.   Seller has full power and authority to enter into this Agreement and to perform its obligations under this Agreement. This Agreement constitutes a legal, valid and binding obligation of Seller and is enforceable against Seller in accordance with its terms.

3.2   Ownership of the Property.   Seller is the owner of the Property.

# ARTICLE 4
# CLOSING

4.1 Closing. The consummation of the sale and purchase of the Property and the other transactions contemplated by and described in this Agreement shall take place at a closing ("Closing") to be held at the offices of Seller, or another location mutually agreeable to Seller on the Effective Date of this Agreement.

4.2 Actions of Seller at Closing. At the Closing, Seller shall deliver or cause to be delivered to Purchaser, the following:

a. A deed to the Property executed by Seller;

b. Such other instruments and documents as Purchaser reasonably deems necessary to effect the transactions contemplated hereby and to place Purchaser in legal and operational possession of the Company including, without limitation, all corporate books and records of the Company in the possession of Seller; and

c. From time to time after Closing and without further consideration, Seller shall execute and deliver such other instruments of conveyance and transfer, and take such other actions as Purchaser reasonably may request, to more effectively convey, and transfer full right, title and interest to, vest in, and place Purchaser in legal and actual possession of, any and all of the Property conveyed hereunder.

4.3 Actions of Purchaser at Closing. At the Closing, Purchaser shall deliver or cause to be delivered to Seller the following:

a. A Note executed by Purchaser;

b. Such other instruments and documents as Seller reasonably deems necessary to effect the transactions contemplated hereby and to place Purchaser in legal and operational possession of the Company including, without limitation, all corporate books and records of the Company in the possession of Seller; and

c. From time to time after Closing and without further consideration, Seller shall execute and deliver such other instruments of conveyance and transfer, and take such other actions as Purchaser reasonably may request, to more effectively convey, and transfer full right, title and interest to, vest in, and place Purchaser in legal and actual possession of, any and all of the Property conveyed hereunder.

# ARTICLE 5
# GENERAL

5.1 Legal Fees and Costs. In the event any party elects to incur legal expenses to enforce any provision of this Agreement, the prevailing party will be entitled to recover such legal

expenses, including without limitation, reasonable attorneys' fees, costs and necessary disbursements, in addition to any other relief to which such party shall be entitled.

5.2   Choice of Law and Venue.  The parties agree that this Agreement is made and entered into and is performable in Dallas County, Texas, and shall be governed by and construed in accordance with the laws of the State of Texas, and that any litigation, special proceedings or other proceedings as between the parties that may be brought or arise out of, in connection with or by reason of this Agreement shall be brought in the applicable Federal or State Court in and for Dallas County, Texas, which courts shall be the exclusive courts of jurisdiction and venue.

5.3   Severability.  In the event any provision of this Agreement is held to be invalid, illegal or unenforceable for any reason and in any respect by a court of competent jurisdiction, such invalidity, illegality or unenforceability shall in no event affect, prejudice or disturb the validity of the remainder of this Agreement, which shall be in full force and effect, enforceable in accordance with its terms.  The provision held to be void, illegal or unenforceable shall be limited so that it shall remain in effect to the extent permissible by law.

5.4   Entire Agreement.  This Agreement supersedes all prior or contemporaneous agreements, oral or written between the parties concerning the Property, and constitutes the entire agreement between the parties respecting the Property; and no party shall be entitled to benefits other than those specified herein.  As between or among the parties, no oral statements or prior written material not specifically incorporated herein shall be of any force and effect.  The parties specifically acknowledge that in entering into and executing this Agreement, the parties relied solely upon the representations and agreements contained in this Agreement and no others.  All prior or contemporaneous representations or agreements, whether written or verbal, not expressly incorporated herein are of no force or effect and no changes in or additions to this Agreement shall be recognized unless and until made in writing by all parties hereto.

5.5   Amendment.  No amendment, modification, deletion, release, termination, extension of, alteration, variance or change in, or supplement to the provision of this Agreement shall be valid and effective or otherwise binding on the parties hereto unless or until such amendment, etc., shall have been reduced to writing and executed by the parties hereto with the same formality as this Agreement.

5.6   Notices.  All notices requests, demands, and other communications under this Agreement shall be in writing and shall be deemed to have been duly given when delivered personally, when sent by confirmed facsimile, the next day if sent by overnight courier service or in three days after being mailed by certified or registered mail, return receipt requested, with postage prepaid to the parties at the following addresses (or at such other address for a party as shall be specified by like notice):

    a.    if to Seller, to:
        IORI Centura, Inc.
        1800 Valley View Lane, Suite 300
        Dallas, Texas 75234
        Attention:   Legal Department
        Telephone:   469-522-4200
        Facsimile:    469-522-4360

or to such other person and place as the Seller shall direct the Purchaser in writing; or

    b.    if to Purchaser, to:
        Fenton Real Estate, Inc.
        1750 Valley View Lane, Suite 440
        Dallas, Texas 75234
        Attention:   Mr. Ronald F. Akin
        Telephone:   972-243-7648
        Facsimile:    972-243-2494

or to such other place and person as the Purchaser shall direct to Seller in writing.

5.7    Waiver. Unless otherwise expressly provided herein, no waiver by Seller or Purchaser of any provision hereof shall be deemed to have been made unless expressed in writing and signed by such party. No delay or omission in the exercise of any right or remedy accruing to Seller or Purchaser upon any breach under this Agreement shall impair such right or remedy or be construed as a waiver of any such breach theretofore or thereafter occurring.

5.8    Successors and Assigns. This Agreement shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective heirs, legal representatives, successors and permitted assigns.

5.9    Third Party Beneficiaries. Nothing in this Agreement, whether express or implied, shall be deemed to confer on any person, other than the parties hereto and their successors and permitted assigns, any right, obligation, remedy, or liability.

5.10    Headings. Headings on the sections and subsections in this Agreement are for reference purposes only and shall be deemed to have no substantive effect.

5.11    Counterparts. This Agreement may be executed in two or more counterparts, each and all of which shall be deemed an original and all of which together shall constitute one and the same instrument.

5.12    General Disclaimer. Purchaser and Seller agree that any actions taken under this Agreement are subject to and will be superseded by any law, rule, regulation or requirement established by governmental agencies.

5.13　Further Assurances.  After the Closing, the parties will execute and deliver such powers of attorney, documents, instruments, and Assets, and do all such other acts and things as may be reasonably necessary to carry out the provisions of this Agreement.

5.14　Survival.  The representations and warranties contained in this Agreement shall survive the Closing.

*[Signature page to follow]*

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the Effective Date.

**SELLER:**           **IORI CENTURA, INC.,**
                      a Nevada corporation

                      By: _____
                          Steven A. Shelley, Vice President


**PURCHASER:**        **FENTON REAL ESTATE, INC.,**
                      a Nevada corporation

                      By: _____
                          Ronald F. Akin, President