# EXHIBIT P

# PROMISSORY NOTE

**$5,793,344.67**                                                                                                   **December 23, 2010**

     FOR VALUE RECEIVED, **FENTON REAL ESTATE, INC.**, a Nevada corporation ("Maker"), promises and agrees to pay to the order of **IORI CENTURA, INC.**, a Nevada corporation ("Payee"), the principal sum of Five Million Seven Hundred Ninety-Three Thousand Three Hundred Forty-Four and 67/100 Dollars ($5,793,344.67), together with interest on the unpaid principal balance at the rate provided below, in legal tender of the United States of America.

     The principal balance hereof from time to time remaining unpaid shall bear interest which shall be computed on the number of days actually elapsed, but computed as though each year consisted of 365 days, from the date hereof until maturity at an annual rate equal to six percent (6%) (the "Note Rate"). The Note Rate shall never exceed the highest maximum rate permitted by applicable state or federal law with respect to loans of this nature. All past due principal and accrued interest shall bear interest at the lesser of (i) ten percent (10%) per annum, or (ii) the maximum rate allowed by Applicable Law ("Default Rate").

1. **Principal and Interest**. A payment of all principal and all accrued and unpaid interest shall be due and payable on December 23, 2015 (the "Maturity Date"). This Note may be prepaid in whole or in part without penalty.

2. **Payments.** All payments of principal of, or interest on, this Note shall be paid to Payee at 1800 Valley View Lane, Suite 300, Dallas, Texas 75234, or to such other person or at such other place as may be designated in writing by Payee.

3. **Default.** Maker shall not be in default under this Note for the failure to pay any sum due thereunder or hereunder, unless and until Maker has received a written notice of non-payment from Payee and has failed to cure, fully and unqualifiedly, such non-payment within ten (10) days after the effective date of such notice. Upon the failure of Maker to make any payment required hereunder, and the failure of Maker to make such payment within the cure period provided herein ("Event of Default"), Payee may, at any time thereafter, at its sole option and without notice, declare the entire unpaid principal balance of, and all accrued interest on, this Note to be immediately due and payable in full and to exercise all rights and remedies it may have hereunder or under the Security Agreement.

4. **No Waiver, Remedies.** The failure of Payee to exercise any of its rights and remedies shall not constitute a waiver of the right to exercise them at that or any other time. All rights and remedies of Payee upon the occurrence of an Event of Default shall be cumulative to the greatest extent permitted by law. Time shall be of the essence in the payment of all sums due under this Note and the performance of Maker's other obligations hereunder.

5. **Notice.** All notices, requests, demands, and other communications under this Note shall be in writing and shall be deemed to have been duly given when delivered personally, when sent by confirmed facsimile, the next day if sent by overnight courier service, or in three days

after being mailed by certified or registered mail, return receipt requested, with postage prepaid to the parties at the following addresses (or at such other address for a party as shall be specified by like notice):

> if to Payee, to:
> IORI Centura, Inc.
> 1800 Valley View Lane, Suite 300
> Dallas, Texas 75234
> Attention:   Legal Department
> Telephone:   469-522-4200
> Facsimile:   469-522-4360

or to such other person and place as the Payee shall direct to Maker in writing; or

> if to Maker, to:
> Fenton Real Estate, Inc.
> 1750 Valley View Lane, Suite 440
> Dallas, Texas 75234
> Attention:   Mr. Ronald F. Akin
> Telephone:   972-243-7648
> Facsimile:   972-243-2494

or to such other place and person as the Maker shall direct to Payee in writing.

6. **Expenses.** If there is any default under this Note or the Purchase Agreement, and this Note is placed in the hands of any attorney for collection or is collected through any court including any bankruptcy court, Maker promises and agrees to pay to Payee its reasonable attorneys' fees, court costs, and all other expenses incurred in collecting or attempting to collect or securing or attempting to secure this Note as provided by the laws of the State of Texas, or any other state where the collateral or any part thereof is situated.

7. **Waivers.** Maker hereby waives (a) presentment, demand, notice of dishonor, protest, notice of protest and non-payment and (b) all exemptions to which Maker may now or hereafter be entitled under the laws of the State of Texas, any other state or the United States and agrees that Payee shall have the right (i) to grant Maker any extension of time for payment of this Note or any other indulgence or forbearance whatsoever and (ii) to release any security for this Note without in any way affecting the liability of Maker under this Note and without waiving any rights Payee may have under this Note or by virtue of the laws of the State of Texas or of the United States.

8. **Savings Clause** Regardless of any provision contained herein, Payee shall never be entitled to contract for, charge, take, reserve, receive, or apply, as interest on the indebtedness evidenced by this Note or any part thereof, any amount in excess of the Highest Lawful Rate, and, in the event Payee ever contracts for, charges, takes, reserves, receives, or applies as interest any such excess, it shall be deemed a partial prepayment of principal and treated

hereunder as such; and, if this Note is paid in full, any remaining excess shall forthwith be paid to Maker. In determining whether or not the interest paid or payable, under any specific contingency, exceeds the Highest Lawful Rate, Maker and Payee shall, to the maximum extent permitted under applicable law, (a) treat all advances as but a single extension of credit, (b) characterize any nonprincipal payment as an expense, fee, or premium rather than as interest, (c) exclude voluntary prepayments and the effects thereof, and (d) "spread" the total amount of interest throughout the entire contemplated term of the Note; <u>provided that</u>, if the indebtedness evidenced by this Note is paid and performed in full prior to the end of the full contemplated term thereof, and if the interest received for the actual period of existence thereof exceeds the Highest Lawful Rate, Payee shall refund such excess, and, in such event, Payee shall not be subject to any penalties provided by any laws for contracting for, charging, taking, reserving, or receiving interest in excess of the Highest Lawful Rate.

9. **Assumption of Mortgage**. Maker hereby assumes the mortgage obligations of Payee with respect to the approximate 10.05 acres of land located in Dallas County, Texas, generally known as Centura Land in the approximate amount as of the date of this Note of $5,793,344.67, and all documents securing such obligations.

10. **Governing Law.** This Note has been delivered in and shall be governed by and construed in accordance with the laws of the State of Texas.

*[Signature page to follow]*

**IN WITNESS WHEREOF**, the undersigned Maker has executed this Note as of the date first above written.

**MAKER:**  **FENTON REAL ESTATE, INC.**,
a Nevada corporation

By: _____
Ronald F. Akin, President