Robert P. Franke
State Bar No. 17371200
Melissa L. Gardner
State Bar No. 24044526
Strasburger & Price, LLP
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (fax)

Attorneys for Regions Bank

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| FRE REAL ESTATE, INC., | § | Case No. 11-30210-BJH-11 |
| | § | |
| | § | Hearing Date: TBD |
| | § | Hearing Time: TBD |
| | § | 14th Fl, Courtroom #2 |
| Debtor. | § | Dallas, TX 75242 |

## MOTION OF REGIONS BANK SEEKING TO
## RETROACTIVELY ANNUL THE AUTOMATIC STAY

**REGIONS BANK HAS REQUESTED EXPEDITED CONSIDERATION OF THIS MOTION TO BE HEARD ON FEBRUARY 28, 2011, AT 9:30 A.M.**

**IF THAT MOTION IS DENIED, NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496 BEFORE 4:00 O'CLOCK P.M. WITHIN FIFTEEN (15) DAYS FROM THE SERVICE OF THIS MOTION.**

**YOUR RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED. ADDITIONALLY, ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO RESPONSE IS FILED AS REQUIRED, THE ALLEGATIONS IN THE CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

Regions Bank files this its Motion to Retroactively Annul the Automatic Stay and in support would show:

## JURISDICTION

1. The Court possesses jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G) and 11 U.S.C. §362. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## FACTUAL BACKGROUND

2. A Motion for Expedited Consideration is being filed concurrently with the filing of this Motion, which will be served at the same time of this Motion.

3. On January 4, 2011, FRE Real Estate, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

4. Regions Bank is a creditor holding a claim secured by certain leasehold interests located in Dallas County, Texas. Descriptions of the leasehold interests, together with the improvements, fixtures, and other real and personal property, are contained in the deed of trust identified in the body of this Motion (collectively, the "Property").

5. On or about December 19, 2000, Westgrove Air Plaza, Ltd., a Texas limited partnership ("Borrower"), executed a promissory note in the original principal amount of $4,400,000 in favor of Jefferson Heritage Bank, predecessor in interest to Regions Bank ("Note"). A copy of the Note is attached hereto as **Exhibit A**. In connection with the execution of the Note, Borrower executed a Deed of Trust (With Security Agreement and Assignment of

Rents), granting Jefferson Heritage Bank first lien security interests in the Property ("Deed of Trust"). The Deed of Trust was recorded in the real property records of Dallas County, Texas on December 27, 2000. A copy of the Deed of Trust is attached hereto as **Exhibit B**. The original maturity date of the Note was December 19, 2001.

6. On or about March 19, 2002, Borrower executed a Modification of Note and Lien ("First Modification") in favor of Jefferson Heritage Bank, predecessor in interest to Regions Bank, a copy of which is attached hereto as **Exhibit C**. The First Modification extended the maturity date of the Note from December 19, 2001 to August 1, 2002.

7. Borrower executed Modification, Renewal and Extension Agreement effective August 1, 2002 ("Second Modification"); Modification, Renewal and Extension Agreement effective May 1, 2003 ("Third Modification"); Modification, Renewal and Extension Agreement effective February 1, 2004 ("Fourth Modification"); and Modification, Renewal and Extension Agreement effective August 1, 2004 ("Fifth Modification"), each in favor of Union Planters Bank, N.A., successor in interest by merger to Jefferson Heritage Bank, and, among other things, extending the maturity dates on the Note. Copies of the Second, Third, Fourth, and Fifth Modifications are attached hereto as **Exhibits D**, **E**, **F** and **G**, respectively.

8. Borrower and Transcontinental Realty Investors, Inc., a Nevada corporation ("Co-Maker"), subsequently executed Modification and Extension of Real Estate Lien and Note effective December 1, 2004 ("Sixth Modification"); Modification and Extension of Real Estate Lien and Note effective September 16, 2007 ("Seventh Modification"); Modification and Extension of Real Estate Lien and Note effective September 16, 2008 ("Eighth Modification"); and Modification and Extension of Real Estate Lien and Note effective December 31, 2009 ("Ninth Modification"), each in favor of Regions Bank, as successor in interest to Jefferson

Heritage Bank, and, among other things, extending the maturity dates of the Note. Copies of the Sixth, Seventh, Eighth and Ninth Modifications are attached hereto as **Exhibits H**, **I**, **J** and **K**, respectively. As of the date of the execution of the Ninth Modification, the principal balance owed to Regions Bank was $2,281,817.64.

9. Subsequent to the execution of the Ninth Modification, Borrower defaulted under the terms of the Note secured by the Deed of Trust. On or about November 19, 2010, counsel for Regions Bank notified Borrower and Co-Maker via certified mail, return receipt requested, and United States mail that they were in default under the terms of the Note secured by the Deed of Trust and of Regions Bank's intent to accelerate the Note if the total past due amount was not paid in full by November 24, 2010. A copy of the letter dated November 19, 2010 from Paul Sander to Transcontinental Realty Advisors, Inc. and Westgrove Air Plaza, Ltd. is attached hereto as **Exhibit L**. On or about December 8, 2010, Regions Bank notified the City of Addison, Texas and the Addison Airport of Texas, Inc. of its intent to accelerate the Note if the total past due amount was not paid in full by Borrower by December 24, 2010. A copy of the letter dated December 8, 2010 from Matthew Marchant to Addison Airport of Texas, Inc. and the City of Addison, Texas is attached hereto as **Exhibit M**.

10. Pursuant to Paragraph (a)(iii) of the Default Provisions of the Note, Borrower agreed that it would not, without the prior written consent of Regions Bank, sell or otherwise transfer the Property. Any such transfer of the Property without Regions Bank's prior written consent constituted an event of default. Therefore, unauthorized conveyance of the Property by Borrower was prohibited. *See* Note, at Default Provisions, ¶ (a)(iii).

11. Nevertheless, without Regions Bank's prior consent or knowledge, on December 23, 2010, Borrower prepared and executed a "General Warranty Deed" purporting to convey all

of its interest in the Property to "Fenton Real Estate, Inc.," apparently a former name for Debtor. This transfer recites as consideration a mere $10.00 (but presumably, there was no exchange of monetary consideration to Borrower). The General Warranty Deed describing the Property was subsequently recorded on January 4, 2011.

12.     On January 10, 2011, having no knowledge of the Debtor, Borrower's transfer to Debtor, or Debtor's bankruptcy filing, Regions Bank, acting through Matthew Marchant, the duly-appointed substitute trustee, posted the Property for non-judicial foreclosure and notified Borrower and Co-Maker that the non-judicial foreclosure sale would take place on February 1, 2011, between the hours of 10:00 a.m. and 1:00 p.m.  A copy of the letter dated January 10, 2011 from Matthew Marchant to Westgrove Air Plaza, Ltd. and Transcontinental Realty Investors, Inc. is attached hereto as **Exhibit N**.  Regions Bank, acting through Matthew Marchant, foreclosed on the Property on February 1, 2011, and later that same day, submitted the Trustee's Deed electronically for recordation with the Dallas County Deed Records.

13.     Regions Bank proceeded with the foreclosure without any actual notice of the attempted conveyance of the Property, or the very existence of the Debtor.  In fact, the Debtor first caused to be served its notice of bankruptcy to its creditors and to Regions Bank on January 12, 2011.  *See* Certificate of Service—Notice of First Meeting of Creditors filed by Debtor on January 13, 2011, attached hereto as **Exhibit O**.  Upon information and belief, Debtor's notice of bankruptcy was mailed to P.O. Box 11407, Birmingham, Alabama  35246.

14.     Debtor was never a borrower or guarantor under the Note, nor until January 4, 2011, a record owner of the Property, nor a pledgor under the Deed of Trust. Regions Bank had no prior relationship with Debtor and knew nothing of its existence until subsequent to the foreclosure of the Property.

## BASIS FOR RELIEF

15. Regions Bank requests that the Automatic Stay be retroactively annulled as to Regions Bank so that Regions Bank's foreclosure sale is not invalidated by the Debtor's bankruptcy filing.

16. This Court has the power to retroactively annul the automatic stay pursuant to 11 U.S.C. § 362(d). *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990) (citing *Sikes v. Global Marine, Inc.*, 881 F.2d 176 (5th Cir. 1989)). *See also In re Pulley*, 196 B.R. 502, 504 (Bankr. W.D. Ark. 1996) ("[T]his Court does have the power and authority to retroactively validate those orders assertedly entered in violation of the stay."); *In re Hassell*, Adv. No. 02-3377, 2003 Bankr. LEXIS 1855 (N.D. Tex. Dec. 23, 2003) (stating that 11 U.S.C. § 362(d) expressly authorizes the "annulling" of the automatic stay"). Section 362(d) provides, in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, *annulling*, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization;

11 U.S.C.§ 362(d) (emphasis added).

17. Retroactive annulment of the automatic stay is subject to the broad discretion afforded a bankruptcy judge under § 362. *Thornburg v. Lynch (In re Thornburg)*, 277 B.R. 719, 731 (E.D. Tex. 2002). Retroactive relief from the automatic stay is an extraordinary remedy that

must rest on a set of facts that is both unusual and unusually compelling. *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 977 (1st Cir. 1997).

18.     In deciding whether to retroactively annul the automatic stay, bankruptcy courts are especially concerned with allegations of bad faith.[1] *Soares*, 107 F.3d at 977 (recognizing that debtors who act in bad faith "create situations that are ripe for retroactive relief"). *See also Sullivan v. Java Oil Ltd. (In re Sullivan)*, 2006 U.S. Dist. LEXIS 43734, at *15-16 (E.D. Cal. June 20, 2006) (finding, among other things, that the debtor engaged in bad faith by submitting untimely, inaccurate and incomplete schedules); *Bright v. Wash. Mut. Bank (In re Bright)*, 338 B.R. 530, 535 (1st Cir. 1997) (holding that although mortgagee's alleged lack of notice of the debtor's bankruptcy filing was due to inadequacy of its own record keeping and search procedures, the debtor's overriding bad faith and the intervening rights of third parties were compelling circumstances warranting retroactive relief); *In re Kissinger*, 72 F.3d 107, 109 (9th Cir. 1995) (affirming annulment when debtor filed for bankruptcy in bad faith during two day recess in trial); *In re Albany Partners, Ltd.*, 749 F.2d 670 (11 Cir. 1984) (where the debtor's Chapter 13 filing was deemed to have been in bad faith, and where the debtor's rights to the property in question had already been litigated and determined in state court in favor of the creditor, annulment of the automatic stay was upheld, even though the creditors were aware of the debtor's bankruptcy filing at the time they conducted their foreclosure sale).

19.     On February 17, 2011, at the continued hearing on the motion to dismiss the bankruptcy case filed by a number of lenders, this Court made a finding that the Debtor acted in

---

[1] Courts have also considered the following circumstances in determining whether to annul the automatic stay: (1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay; (2) if the debtor has acted in bad faith; (3) if there was equity in the property of the estate; (4) if the property was necessary for an effective reorganization; (5) if grounds for relief from the stay existed and a motion, if filed, would have been granted prior to the violation; (6) if failure to grant retroactive relief would cause unnecessary expense to the creditor; and (7) if the creditor has detrimentally changed its position on the basis of the action taken. *See In re Thornburg*, 277 B.R. 719, 731 n. 18 (Bankr. E.D. Tex. 2002) (citing *Soares*, 107 F.3d at 977.).

bad faith in filing its bankruptcy case based on the factors set forth in *In re Little Creek Development Company*, 779 F.2d 1068 (5th Cir. 1986), and ordered the bankruptcy case dismissed. Regions Bank orally joined in the motion to dismiss.

20. In addition to the Court's finding of bad faith, as set forth above, Regions Bank was not actually aware or notified of the bankruptcy or the transfer of the Property until after the foreclosure sale on February 1, 2011. Despite the fact that Regions Bank, acting through Matthew Marchant, provided Borrower with notice of default on November 19, 2010, and notice of foreclosure on January 10, 2011, Borrower purposefully failed to notify Regions Bank or counsel for Regions Bank that it had transferred the Property to the Debtor and filed for bankruptcy relief. The Borrower also failed to obtain the requisite consent from Regions Bank, as required under the Note, for the conveyance of the Property.

21. Further, on January 12, 2011, the Debtor first caused Regions Bank to be served with notice of the bankruptcy. Oddly enough, the notice of the Debtor's bankruptcy was mailed to a post office box in Birmingham, Alabama, although the Borrower and, most likely, the Debtor knew Regions Bank was being represented by counsel in Dallas, Texas. Given that the name of the Debtor was completely different than the Borrower, there was absolutely no way for Regions Bank to know that the bankruptcy had been filed on January 4, 2011, or that the Debtor was related in any way to the Borrower.

22. Thus, the Court's finding of bad faith, coupled with Regions Bank's lack of knowledge of the bankruptcy filing and the conveyance of the Property, provides sufficient cause to annul the automatic stay and validate Regions Bank's foreclosure.

WHEREFORE, Regions Bank respectfully requests this Court to enter an Order retroactively annulling the automatic stay, validating the foreclosure sale of the Property, and

awarding Regions Bank such other and further relief as this Court shall deem just and appropriate.

*/s/Melissa L. Gardner*
Robert P. Franke
State Bar No. 17371200
Melissa L. Gardner
State Bar No. 24044526
Strasburger & Price, LLP
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (fax)

Attorneys for Regions Bank

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing were served upon each of the parties listed on the attached Service List either electronically by the Court's ECF System or by United States first-class mail, postage prepaid, on this 22nd day of February, 2011.

*/s/Melissa L. Gardner*
Melissa L. Gardner
