U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

**Signed March 01, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 11-30210-BJH-11 |
| | § | |
| FRE REAL ESTATE, INC., | § | |
| f/k/a TCI PARK WEST II, INC., | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |

### ORDER GRANTING MOTIONS TO DISMISS OF WELLS FARGO CAPITAL FINANCE, INC. AND ARMED FORCES BANK, N.A.

On February 3, 2011 and continuing on February 17, 2011, this Court considered the (i) Motion to Dismiss FRE Real Estate, Inc.'s Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b) Due to Its Bad-Faith Filing [Docket No. 23] (the "Wells Fargo Dismissal Motion") filed on January 10, 2011, by Wells Fargo Capital Finance, Inc. ("Wells Fargo") and in which (a) Petra CRE CDO 2007-1, Ltd. ("Petra") joined (the "Petra Joinder") [Docket No. 37]; (b) State Bank of Texas joined (the "State Bank of Texas Joinder") [Docket No. 59]; (c) American Bank of Commerce joined (the "American Bank of Commerce Joinder") [Docket No. 89]; (d) RMR

Investments, Inc. joined (the "RMR Investments Joinder") [Docket No. 112]; and (e) Sidney Wicks Revocable Trust joined (the "Revocable Trust Joinder") [Docket No. 120]; and (ii) Motion To Dismiss Case, filed by Armed Forces Bank, N.A. on January 18, 2011 (the "Armed Forces Dismissal Motion"), and the Objection to the such relief, filed on January 31, 2011, by FRE Real Estate, Inc. (the "Debtor") [Docket No. 109]; (iii) the testimony and evidence presented at such hearing; (iv) the arguments of counsel with respect to the foregoing; and (v) the applicable legal authorities. Having considered the foregoing, the Court finds that, given this Court's Findings of Fact and Conclusions of Law stated on the record at the hearing on February 17, 2011, which are incorporated herein for all purposes, there are good and sufficient grounds to dismiss the bankruptcy case of FRE Real Estate, Inc., Case No. 11-30210-BJH-11 and to grant the relief set forth below. ACCORDINGLY, it is hereby:

**ORDERED** that the bankruptcy case of FRE Real Estate, Inc., Case No. 11-30210-BJH-11 shall be dismissed; and it is further

**ORDERED** that, notwithstanding the dismissal of this case, this Court shall have continuing jurisdiction to decide any disputes relating to the matters set forth in this Order; and it is further

**ORDERED** that the Debtor shall pay all U.S. Trustee fees owing by the Debtor as of the effective date of the dismissal of this case.

**IT IS FURTHER ORDERED** that no later than 1:30 p.m. Central Standard Time, on the first business day after the Entry of this Order, the Debtor shall either (a) cause a wire transfer from its Debtor in Possession Bank Account maintained at Bank of America, Account Number 3755574516 (the "Fenton DIP Account"), or (b) deliver, so as to arrive by said date and time, to Counsel for HCMLP, Michael D. Warner, Esq., Cole, Schotz, Meisel, Forman &

Leonard, P.A., 301 Commerce Street, Suite 1700, Fort Worth, TX 76102, a check drawn on the Fenton DIP Account, in the amount of $5,044.18, as and for a return of the unused portion of the Fenton Center Cash (as such term is defined in the Interim Order Authorizing the Debtor to Use Cash From Fenton Center Property and for Related Relief (the "Fenton Cash Order"), Docket number 93, which funds shall be deposited by HCMLP into the Lockbox as defined in the Fenton Cash Order. Nothing in the forgoing provision is intended to validate, as consistent with, appropriate pursuant to, or authorized by the Fenton Cash Order, any expenditure or distribution by the Debtor from the Fenton DIP Account.

###End of Order###